QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
AOYU YANG (Cal. Bar No. 360674)
yang.aoyu@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorneys for Defendant and  Counterclaimant*
DONGGUAN XIANGHUO TRADING CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DBEST PRODUCTS, INC., a California corporation,<br><br>        Plaintiff,<br>vs.<br><br>DONGGUAN XIANGHUO TRADING CO., LTD., a Chinese company,<br><br>        Defendant. | CASE NO. 2:25−cv−04573−MWC−JC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>DEMAND FOR JURY TRIAL |

## GENERAL DENIAL

Defendant Dongguan Xianghuo Trading Co., Ltd. ("Xianghuo") denies each and every allegation contained in Plaintiff dbest products, Inc.'s Complaint, except as expressly admitted herein. In response to the allegations in the Complaint, Xianghuo answers based on its own knowledge as to its own conduct and on information and belief as to all other matters, and alleges as follows:

## ANSWER

## NATURE OF THE CASE

1.    dbest products, Inc. ("dbest") brings this action against Dongguan Xianghuo Trading Co., Ltd. ("Defendant") for direct infringement under the patent laws of the United States, 35 U.S.C. § 271.

**ANSWER:** To the extent Paragraph 1 purports to assert legal conclusions, no response is required. To the extent a response is required, Xianghuo denies that it has infringed any valid and enforceable claim of any patent, including under 35 U.S.C. § 271

## THE PARTIES

2.    dbest is a California corporation with its principal place of business at 16506 South Avalon Boulevard, Carson, California.

**ANSWER:** Xianghuo lacks knowledge or information sufficient to form a belief as

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

2

to the truth of the allegations in Paragraph 2 and therefore denies the same.

       3.   On information and belief, Defendant is a Chinese company with its principal place of business at No. 22 Zhenhua Road, Room 403, Humen District, Humen Town, Dongguan, Guangdong, China.

**ANSWER:** Admitted

## **JURISDICTION AND VENUE**

       4.   This Court has subject matter jurisdiction over the claims in this complaint under 28 U.S.C. §§ 1331 and 1338(a).

ANSWER: To the extent Paragraph 4 asserts legal conclusions, no response is required. To the extent a response is required, Xianghuo does not contest that this Court has subject matter jurisdiction over claims arising under the patent laws of the United States.

       5.   This Court has personal jurisdiction over Defendant because, on information and belief, it has consented to jurisdiction by suing dbest in this judicial district in California and also does substantial business in this judicial district, including committing the acts of patent infringement described below.

**ANSWER:** Xianghuo does not contest personal jurisdiction in this District for purposes of this action, but denies the remaining allegations in Paragraph 5, including that it has committed any act of patent infringement or conducts substantial business in this District.

       6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, on information and belief, Defendant is subject to personal jurisdiction in this district.

1  **ANSWER:** Admitted.

2  <div align="center">**FACTUAL BACKGROUND**</div>

3    7.    dbest is a leading innovator and seller of portable carts
in the United States. dbest has developed, marketed and sold

4  exclusively a highly successful product line of premium portable
carts frequently featured on QVC, Inc.'s television infomercials

5  and website. dbest also sells its carts on retail website platforms
such as Amazon, through national retailers such as Lowe's and

6  Home Depot, and on its own website.

7  **ANSWER:** Xianghuo denies the allegations set forth in Paragraph 7. Plaintiff is not

8  a leading innovator, but rather a copycat that has filed patent applications

9  appropriating prior art long disclosed in the public domain, including in jurisdictions

10  such as China and the United States. Defendant lacks knowledge or information

11  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7

12  and therefore denies them.

13    8.    dbest owns all rights, title, and interest in and to U.S.
Patent No. 12,275,446 ("the '446 Patent"), issued April 15,

14  2025, entitled "High Load Capacity Collapsible Carts." A true
and correct copy of the '446 Patent is attached as Exhibit A.

15

16  **ANSWER:** Xianghuo admits that, on its face, U.S. Patent No. 12,275,446 ("the '

17  446 Patent") is titled "High Load Capacity Collapsible Carts" and states that it was

18  issued on April 15, 2025. Xianghuo also admits that what purports to be a copy of

19  the '446 Patent is attached as Exhibit A. Xianghuo denies the remaining allegations

20  in Paragraph 8, including that dbest owns all rights, title, and interest in the '446

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

4

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  Patent

2      9.     dbest owns all rights, title, and interest in and to U.S.
   Patent No. 12,304,546 ("the '546 Patent"), issued May 20, 2025,
3  entitled "Collapsible Carts." A true and correct copy of the '546
   Patent is attached as Exhibit B.
4

5  **ANSWER:** Xianghuo admits that, on its face, U.S. Patent No. 12,304,546 ("the '

6  546 Patent") is titled "Collapsible Carts" and states that it was issued on May 20,

7  2025. Xianghuo also admits that what purports to be a copy of the '546 Patent is

8  attached as Exhibit B. Xianghuo denies the remaining allegations in Paragraph 9,

9  including that dbest owns all rights, title, and interest in the '546 Patent.

10     10.    It is dbest's policy and practice to mark its carts
   protected by one or more of its patents with the patent number(s) to
11  provide notice to the public that the product is protected by a U.S.
   patent. Since the '446 Patent issued, dbest has complied with its
12  marking policy to give notice to the public that specific dbest
   products are protected by the '446 Patent. Similarly, since the '546
13  Patent issued, dbest has complied with its marking policy to give
   notice to the public that specific dbest products are protected by
14  the '546 Patent.

15  **ANSWER:** Xianghuo lacks knowledge or information sufficient to form a belief as

16  to the truth of the allegations in Paragraph 10 and therefore denies the same.

17     11.    On information and belief, Defendant sells products on
   Amazon.com ("Amazon") to consumers living in the United States
18  and in this judicial district.

19  **ANSWER:** Admitted.

20     12.    dbest regularly monitors retail platforms, including

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

5

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Amazon, to identify offers for sale and sales of products that infringe its patents and other intellectual property rights.

**ANSWER:** Xianghuo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. Recently, dbest identified numerous products (the "Accused Products") sold by Defendant on Amazon that infringe its '446 Patent and the '546 Patent. A schedule of the Amazon Standard Identification Number ("ASIN") for each Accused Product of which dbest is currently aware is attached as Exhibit C.

**ANSWER:** Xianghuo admits that Exhibit C purports to list Amazon Standard Identification Numbers ("ASINs") for products that dbest alleges infringe the '446 and '546 Patents. Xianghuo denies each and every remaining allegation in Paragraph 13, including that any of its products infringe any valid and enforceable claim of the '446 Patent or the '546 Patent.

## COUNT I

## (Patent Infringement of the '446 Patent – 35 U.S.C. §§ 271)

14. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

**ANSWER:** Xianghuo incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

15. Defendant has been and continues to directly infringe the '446 Patent by offering for sale, selling, and/or otherwise distributing the Accused Products in violation of 35 U.S.C. § 271. A representative claim chart demonstrating how the Accused Product satisfies each limitation of at least one claim of the '446

Patent is attached as Exhibit D.

**ANSWER:** Xianghuo admits that Exhibit D purports to be a claim chart alleging how certain products satisfy at least one claim of the '446 Patent. Xianghuo denies each and every remaining allegation in Paragraph 15, including that it has infringed or is infringing any valid and enforceable claim of the '446 Patent.

16.   Defendant's infringement has injured and continues to injure dbest, which is entitled to recover damages adequate to compensate it for Defendant's infringement.

**ANSWER:** Xianghuo denies the allegations in Paragraph 16, including that it has committed any infringement or that dbest is entitled to any damages.

17.   dbest will continue to suffer irreparable injury unless and until Defendant Amazon is enjoined by this Court.

**ANSWER:** Xianghuo denies the allegations in Paragraph 17, including that dbest has suffered or will suffer irreparable injury, and denies that any injunctive relief is warranted. Xianghuo further notes that it is not Amazon, and therefore denies any allegations directed to "Defendant Amazon."

18.   dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

**ANSWER:** Xianghuo denies the allegations in Paragraph 18, including that dbest is entitled to any injunctive relief, compensatory damages, attorneys' fees, or costs.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

7

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

## COUNT II

### (Patent Infringement of the '546 Patent – 35 U.S.C. §§ 271)

19. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

**ANSWER:** Xianghuo incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

20. Defendant has been and continues to directly infringe the ' 546 Patent by offering for sale, selling, and/or otherwise distributing the Accused Products in violation of 35 U.S.C. § 271. A representative claim chart demonstrating how the Accused Product satisfies each limitation of at least one claim of the '546 Patent is attached as Exhibit E.

**ANSWER:** Xianghuo admits that Exhibit E purports to be a claim chart alleging how certain products satisfy at least one claim of the '546 Patent. Xianghuo denies each and every remaining allegation in Paragraph 20, including that it has infringed or is infringing any valid and enforceable claim of the '546 Patent.

21. Defendant's infringement has injured and continues to injure dbest, which is entitled to recover damages adequate to compensate it for Defendant's infringement.

**ANSWER:** Denied.

22. dbest will continue to suffer irreparable injury unless and until Defendant Amazon is enjoined by this Court.

**ANSWER:** Xianghuo denies the allegations in Paragraph 22, including that dbest has suffered or will suffer irreparable injury, and denies that any injunctive relief is

warranted. Xianghuo further notes that it is not Amazon, and therefore denies any allegations directed to "Defendant Amazon."

23.    dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

WHEREFORE, dbest asks the Court to enter judgment in its favor and against Defendant and grant the following relief:

A.    A determination that Defendant has infringed the '446 Patent and the '546 Patent;

B.    An injunction permanently enjoining Defendant, and its officers, agents, employees, and all others in active concert or participation with it, or any of them, from doing any acts that infringe the '446 Patent and/or the '546 Patent;

C.    An award of damages in an amount adequate to compensate dbest for Defendant's infringement of the '446 Patent and the '546 Patent;

D.    Enter a judgment and order that Defendant and/or Amazon take all steps necessary to deliver to dbest all remaining inventory of all Accused Products in its possession, custody or control;

E.    Enter a judgment and order requiring Defendant to file with the Court and serve on dbest a written report under oath setting forth in detail its compliance with the injunction within thirty days; and

F.    Any further relief that this Court deems just and proper.

**Answer:** Xianghuo denies that dbest is entitled to any of the stated or other relief. Xianghuo denies any other allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1  In response to dbest's Complaint and without waiving any prior responses,

2  Xianghuo alleges the following affirmative defenses based on information and belief.

3  Xianghuo also reserves the right to assert additional defenses that may arise during

4  discovery or become known through further investigation.

5  **FIRST DEFENSE – NO PATENT INFRINGEMENT**

6  1.    Xianghuo's Accused Products do not infringe, and have never infringed,

7  either literally or under the doctrine of equivalents, any valid and enforceable claim

8  of the '446 Patent or the '546 Patent. Xianghuo is not liable for any infringement

9  under any theory.

10  **SECOND DEFENSE – NO WILLFUL PATENT INFRINGEMENT**

11  2.    Xianghuo's Accused Products do not willfully infringe and have never

12  willfully infringed, directly or indirectly, either literally or under the doctrine of

13  equivalents, any valid and enforceable claim of the '446 Patent and/or the '546

14  Patent

15  3.    Xianghuo is not liable for willful infringement of any valid and

16  enforceable claim of the '446 Patent and/or the '546 Patent.

17  **THIRD DEFENSE – PATENT INVALIDITY AND**

18  **UNENFORCEABILITY**

19

20

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

10

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

4.      The claims of the '446 Patent and/or the '546 Patent are invalid under 35 U.S.C. § 102 because they lack novelty and are anticipated, taught, or suggested by prior art.

5.      The claims of the '446 Patent and/or the '546 Patent are invalid under 35 U.S.C. § 103 because they would have been obvious in light of the prior art at the time of their effective filing dates.

6.      The claims of the '446 Patent and/or the '546 Patent are invalid for failure to meet the requirements of 35 U.S.C. § 112, including lack of written description, lack of enablement, and indefiniteness.

7.      The claims of the '446 Patent and/or the '546 Patent are unenforceable due to inequitable conduct committed during prosecution before the United States Patent and Trademark Office, including the intentional omission to disclose material prior art and/or the submission of materially misrepresentation with the intent to deceive the Patent Office.

**FOURTH DEFENSE – LIMITATION ON PATENT DAMAGES**

8.      Dbest's claim for damages, if any, against Xianghuo for the alleged infringement of the '446 Patent and/or the '546 Patent is limited by 35 U.S.C. §§ 286, 287, and/or 288.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

11

1   9.    With respect to the marking requirement under 35 U.S.C. § 287, dbest

2   failed to properly mark its allegedly patented articles with the relevant patent

3   numbers.

4   **FIFTH DEFENSE – FAILURE TO STATE A CLAIM**

5   10.    Dbest's Complaint fails to state a claim upon which relief can be

6   granted. Specifically, dbest has not met the pleading standard required by the U.S.

7   Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v.*

8   *Twombly*, 550 U.S. 544 (2007). dbest's allegations lack sufficient factual matter to

9   state a plausible claim for relief, as required under Federal Rule of Civil Procedure

10  8(a).

11  **SIXTH DEFENSE – PROSECUTION HISTORY ESTOPPEL**

12  11.    Dbest is barred, under the doctrine of prosecution history estoppel,

13  from construing the claims of the '446 Patent and/or the '546 Patent in a manner that

14  covers any of Xianghuo's Accused Products. This estoppel arises from statements,

15  amendments, and representations made by dbest to the United States Patent and

16  Trademark Office (USPTO) during the prosecution of the applications that led to the

17  issuance of the '446 Patent and/or the '546 Patent.

18  **SEVENTH DEFENSE – NOT AN EXCEPTIONAL CASE**

19

20

12.     If dbest is entitled to any remedy, it is not entitled to a finding that this case is exceptional under 35 U.S.C. § 285, the Court's inherent authority, or any other basis, and therefore not entitled to an award of attorneys' fees or costs.

### EIGHTH DEFENSE – LACK OF STANDING

13.     Dbest lacks standing to assert claims for infringement of the '446 and/or the '546 Patents under Article III and/or 35 U.S.C. § 281 because it does not possess the exclusionary rights necessary to maintain this action.

### RESERVATION OF ADDITIONAL DEFENSES

14.     Xianghuo reserves the right to assert any additional defenses or counterclaims that may become available based on discovery or further factual investigation in this case.

### COUNTERCLAIMS BY DEFENDANT/COUNTERCLAIMANT

Defendant/Counterclaimant Dongguan Xianghuo Trading Co., Ltd. ("Xianghuo") incorporates herein by reference the admissions, allegations, denials, and defenses contained in its Answer above as if fully set forth herein. For its Counterclaims against Plaintiff dbest products, Inc. ("dbest"), and upon information and belief, Xianghuo alleges as follows:

### NATURE OF THE ACTION

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq. Xianghuo seeks

declaratory judgments that U.S. Patent Nos. 12,275,446 ("the '446 Patent")  and 12,304,546 ("the '546 Patent") (collectively, the "Patents-in-Suit") are not infringed by Xianghuo's storage bin products ("Non-Infringing Products"). True and correct copies of the '446 and the '546 Patents are attached hereto as Exhibit 1 and Exhibit 2.

2.      Xianghuo brings this action in view of the actual controversy created by dbest under the '446 and '546 Patents.

3.      Upon information and belief, dbest submitted multiple baseless patent infringement complaints to Amazon in bad faith and through egregious misuse of Amazon's enforcement procedures, resulting in the removal of Xianghuo's listings for its Non-Infringing Products from Amazon.com.

4.      This action further arises under the laws of the state of California. Xianghuo seeks an order remedying dbest's tortious interference and unfair competition.

## THE PARTIES

5.      Dongguan Xianghuo Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 403, No.22, Zhenhua Road, Humen District, Humen Town, Dongguan, Guangdong, China.

6.      Xianghuo is a leader in the storage boxes categories. Since entering the U.S. market in December 2022, Xianghuo has become a top-performing brand in

Amazon's "Storage Boxes" category.

7.    Several of Xianghuo's storage boxes have earned the "Amazon's Choice" and "#1 Best Seller" badges and have accumulated over 5,000 verified customer reviews with average ratings exceeding four stars.

8.    The resounding marketplace success of Xianghuo's storage boxes is no accident — U.S. consumers have responded to their combination of practicality, quality, and affordability.

9.    Upon information and belief, dbest Products, Inc. is a corporation organized under California law with its principal place of business at 16506 South Avalon Boulevard, Carson, CA 90746, USA.

10.    Dbest is a copycat that has filed patent applications misappropriating prior art long disclosed in the public domain, including in jurisdictions such as China and the United States.

11.    Dbest has engaged in bad-faith abuse of Amazon's intellectual property enforcement system to suppress lawful competition and to coerce unfair settlements by unlawfully causing the delisting of competitors' products.

12.    By submitting baseless complaints through Amazon's internal enforcement procedures based on invalid patents, dbest has established a pattern of tortious interference with the business relationships of legitimate sellers on the platform.

13.     In one such instance, on or about December 5, 2024, dbest submitted an infringement complaint against another seller's shoe box product, which resulted in the removal of that seller's listings from Amazon.com. In response, the seller filed a declaratory judgment action asserting that the asserted U.S. Patent No. 12,103,576 was procured through inequitable conduct, and seeking, on that basis, a judgment of non-infringement, invalidity, and other appropriate relief. On January 23, 2025, rather than defend the merits of its claim, dbest issued a covenant not to sue to evade judicial scrutiny and prompt dismissal of the case. *See* Exhibit 3.

## JURISDICTION AND VENUE

14.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., the United States Patent Act, 35 U.S.C. § 1, *et seq.,* and the laws of the state of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have subject matter jurisdiction over this action if dbest initiated suit for patent infringement.

15.     The Court has subject matter jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367(a) because they are so related to the declaratory judgment claims that they form part of the same case or controversy.

16.     The Court has personal jurisdiction over dbest Products, Inc. based on

information and belief that dbest Products, Inc. is domiciled in California and within this judicial district.

17.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to the claims occurred in this District, including the resulting lost sales and reputational harm. Xianghuo markets and sells products in this District and suffered injury here as a direct result of dbest's conduct.

## **FACTUAL BACKGROUND**

**A.    The Non-Infringing Products**

18.    Xianghuo sells storage boxes on Amazon.com under the storefront "XIANGHUO." The models of the storage boxes sold by Xianghuo at issue are 1579-4Pack, 1579-3Pack, 35QT 1579, 1916, 1585, 9012, and 1585. These products are identified by ASINs, including but not limited to B0CHRP96MS, B0CC5YKT2T, B0CFQG78HJ, B0DRVSRTDV, B0CGZP8NMX, B0D6QRMDQ6, B0F2MMFQZL, and B0F6N56J3Z.

19.    On or around July 1, 2025, Amazon notified Xianghuo that the removal of its Non-Infringing Products was not carried out under the APEX program, following Xianghuo's repeated petitions for reinstatement of those products.

20.    The Amazon marketplace constitutes Xianghuo's sole sales channel into the United States. To remain competitive in the United States market for storage

boxes, Xianghuo needs those Non-Infringing Products listed in the Amazon marketplace.

21.    As a direct result of dbest's infringement complaint to Amazon, Xianghuo's non-infringing products were removed from the marketplace, effectively cutting off its sole channel of trade. Dbest's baseless complaint, based on invalid patents, has been causing Xianghuo immediate, irreparable, and substantial harm.

22.    Upon information and belief, dbest did not obtain samples of Xianghuo's Non-Infringing Products prior to filing its complaint with Amazon alleging Xianghuo's infringement.

23.    Xianghuo repeatedly asked dbest to identify the asserted claims on which its Amazon complaint was based. To date, dbest fails to disclose any such information, further evidencing its bad faith and egregious conduct in submitting the takedown request.

24.    Under Amazon's APEX program, a patent owner must first submit its initial utility patent-based infringement complaint through the APEX process. This is Amazon's policy — or, at a minimum, its customary practice.

25.    If a patent owner prevails in the APEX process, it may leverage that result to request removal of other products that are identical with respect to the asserted patent in the initial APEX determination. However, because Amazon

1  applies a low threshold for establishing infringement at that stage, the process often

2  results in the wrongful takedown of non-infringing products — a vulnerability that

3  can be exploited by bad-faith patent owners such as dbest.

4      26.    This is not the first time dbest has filed a baseless complaint against

5  Xianghuo. In 2024, dbest used a related patent from the same family to file an

6  infringement complaint with Amazon, causing Xianghuo's products to be taken

7  down. After Xianghuo submitted a non-infringement appeal, Amazon reinstated the

8  Non-infringing products.

9      27.    Dbest's behavior has resulted in multiple declaratory judgment

10  lawsuits, where sellers were forced to go to court after dbest filed baseless and bad

11  faith complaints with Amazon that led to unjustified takedowns. Notable examples

12  include:

13   ● *Taizhou Luqiao Shengqiang Housewares Factory v. Dbest Products

14      Inc.*, No. 2:24-cv-10842 (C.D. Cal.)

15   ● *Shenzhen Yihong Technology Co. Ltd. v. Dbest Products Inc.*, No. 2:24-

16      cv-02043-KKE (W.D. Wash.)

17   ● *ECR4Kids, L.P. v. Dbest Products, Inc.*, No. 2:24-cv-04523-MCS-AJR

18      (C.D. Cal.)

19   ● *Sanders Collection Inc. v. Dbest Products, Inc.*, No. 1:24-cv-10045

20      (S.D.N.Y.)

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

19

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

28.    In each of the above declaratory judgment actions, dbest subsequently issued a covenant not to sue after the lawsuit was filed. These events demonstrate a pattern in dbest's enforcement strategy.

29.    These complaints target competing products that practice prior art and are made in bad faith, with reckless disregard for the facts. dbest intentionally avoids Amazon's APEX program, resulting in takedowns without proper review.

30.    Xianghuo is a top seller, and its revenue is more than sufficient to compensate any alleged losses suffered by dbest or Amazon, making the takedown of its listings unnecessary and disproportionate.

**B.    The Patents-In-Suit**

**1.    The '446 Patent**

31.    The '446 Patent lists dbest products, Inc. as the applicant and assignee. *See* Exhibit 1,  the '446 Patent, at 1.

32.    The '446 Patent, titled "High load capacity collapsible carts," describes its purported invention as "Compressible carts."

33.    Claims 1, 10, 16 and 22 are the only independent claims of the ' 446 Patent.

34.    Claim 22 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for

use, the collapsible cart comprising:

a frame defining a compartment, wherein:

the frame comprises at least five walls, including a first wall, a second wall, a third wall, a fourth wall, and a fifth wall;

at least three of the walls are configured to fold inwardly toward the fifth wall when the cart is in the closed condition;

the third wall comprises a first panel and a second panel, the second panel rotatably coupled to the first panel;

a first fastener configured to selectively secure the first panel and the second panel in the open condition, the first fastener operable between a first state for securing the first panel and the second panel along a first plane in the open condition, and a second state for releasing the first panel and the second panel from the first plane; and

wherein the first fastener is integrated with the first right panel and the second right panel in both the closed condition and in the open condition.

*See* Exhibit 1 at 9:28-10:16.

**2.     The '546 Patent**

35.     The '546 Patent lists dbest products, Inc. as the applicant and assignee. *See* Exhibit 2,  the '546 Patent, at 1.

36.    The '546 Patent, titled "Collapsible carts," describes its purported invention as "a collapsible cart configured to transition from a closed condition where it may be folded up to an open condition where it may be expanded for use."

37.    Claims 1, 9 and 17 are the only independent claims of the '546 Patent.

38.    Claim 9 requires:

> A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:
>
> a frame defining a compartment, wherein:
>
> the frame comprises at least five walls, including a first wall, a second wall, a third wall, a fourth wall, and a fifth wall;
>
> at least three of the walls are configured to fold inwardly toward the fifth wall when the cart is in the closed condition;
>
> the third wall comprises a first panel and a second panel, the second panel rotatably coupled to the first panel;
>
> a fastener configured to selectively secure the first panel and the second panel in a substantially coplanar alignment, the fastener comprising:
>
> a first fastener member integrally disposed on an edge of the first panel when the collapsible cart is in the closed condition and the

open condition; and

a second fastener member integrally disposed on an edge of the second panel when the collapsible cart is in the closed condition and the open condition;

wherein the first fastener member and the second fastener member are configured to mate with one another to hold the first panel and the second panel in the substantially coplanar alignment; and wherein, when the first fastener member and the second fastener member are disengaged, the second panel is capable of rotating relative to the first panel.

*See* Exhibit 1 at 9:1-30.

**3.    Numerous Prior Art References Anticipate the Patents-in-Suit**

39.    Upon further information and belief, the Patents-in-Suit are not genuine inventions, but rather copycat filings that misappropriate existing technology in a field already saturated with prior art.

40.    Numerous prior art references, including widely available commercial products sold on Amazon,  render the Patents-in-Suit invalid as either anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

23

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737



'446 and '546 Patents – Figure 1 and Figure 9

41.    For instance, the Olympia Tools Pack-N-Roll Portable Tool Carrier sold under Amazon ASIN B000UZ0P7I was publicly available as early as October 1, 2001—more than eighteen years before the alleged priority date of the Patents-in-Suit, which is January 6, 2020. See https://www.amazon.com/dp/B000UZ0P7I?th=1 last visit on July 8, 2025. See also https://www.amazon.com/dp/B076D9XG7T, last visit on July 10, 2025.

1
2
3
4
5
6
7
8
9
10
11
12



**Olympia Tools Pack-N-Roll Portable Tool Carrier (Model 85-010)(ASIN B000UZ0P7I)**

13    42.    The Foldable Utility Cart sold under Amazon ASIN B07YFFPK7B

14  was publicly available as early as 2019, also preceding the alleged priority date of

15  the    Patents-in-Suit,    which    is    January    6,    2020.    See

16  https://www.amazon.com/dp/B07YFFPK7B, last visit on July 8, 2025.

17
18
19
20

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

25

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1
2
3
4
5
6
7
8
9
10
11
12
13



**FELICON    SELORSS    Foldable    Utility    Cart,    Black    (ASIN B07YFFPK7B)**

14    43.    Chinese Design Patent CN303947734S, published on November 30,

15    2016, discloses a design and structure anticipates the Patents-in-Suit. See Exhibit 4

16    and Exhibit 4-1, the corresponding Google-translated version.

17
18
19
20

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

26

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1
2
3
4
5
6
7
8
9
10
11
12
13



CN303947734S - Stereoscopic image 1 and Change state diagram 1

14      44.      Chinese Design Patent CN304632396S, published on May 18, 2018,

15  discloses a design and structure anticipates Patents-in-Suit. See Exhibit 5 and

16  Exhibit 5-1, the corresponding Google-translated version.

17
18
19
20

1
2
3
4
5
6
7
8
9



CN304632396S - Stereogram and Folded state reference diagram

10
11
12
13

45.     Chinese Design Patent CN305015819S, published on January 29, 2019, discloses a design and structure anticipates the Patents-in-Suit. See Exhibit 6 and Exhibit 6-1, the corresponding Google-translated version.

14
15
16
17
18
19
20

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

28



CN305015819S - Open State Diagram and Folding state diagram

46.    Dbest's own product, the "Quik Cart Sport Collapsible Rolling Crate on Wheels for Teachers Tote Basket," was on sale on Amazon no later than January 15, 2018. See https://www.amazon.com/dp/B0CFDCLJ3G?th=1





**dbest Quik Cart  (ASIN B0CFDCLJ3G)**

47.    Because this public disclosure occurred more than one year before the alleged priority date of the Patents-in-Suit—January 6, 2020—it qualifies as prior art that renders the Patents-in-Suit unpatentable under the on-sale and public use bars of 35 U.S.C. § 102.

48.    As an experienced participant in the industry, dbest closely monitors market trends and competitor activity. Accordingly, dbest was aware of the extensive prior art that existed before the alleged priority date of the Patents-in-Suit.

**4.    Inequitable Conduct in the Prosecution of the '546 Patent and Its Patent Family**

49.    The '546 Patent is a continuation of the U.S. Patent No. 12,103,576

1 (the "'576 Patent"). See Exhibit 7.

2      50.     The '446, '546, and '576 Patents trace their priority, through a chain of

3 applications, to U.S. Patent Application No. 17/143,116, which issued as U.S. Patent

4 No. 11,338,835 (the "'835 Patent").

5      51.     The '835 Patent discloses only collapsible carts and includes a single

6 locking mechanism based on a sliding structure. It does not disclose, either in the

7 specification or drawings, any storage boxes with openable doors or any magnetic

8 engagement features.



The '835 Patents – Figure 1 and Figure 9

20      52.     Dbest began improperly expanding the scope of its patent claims in

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

31

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

an apparent attempt to encompass storage boxes during the prosecution of U.S. Patent Application No. 18/542,495 (the "'495 application"), which issued as the '576 Patent.

53.     On March 28, 2023, U.S. Provisional Application No. 63/577,068 (the "Provisional Application"), from which the '576 Patent claims priority, was filed. The Provisional Application was the first to include drawings of storage boxes but fails to provide sufficient disclosure to satisfy the written description and enablement requirements under applicable patent law.

54.     These drawings are substantially similar to certain Chinese HAIXIN products, which were first made publicly available on or before July 29, 2022. *See* Exhibit 8, U.S. Provisional Application No. 63/577,068, at 10–16 and HAIXIN Closet Organizers and Storage (accessible at https://www.amazon.com/dp/B0B4FZWRVR?psc=1, last visited Jan. 15, 2025).

| Photograph of the Provisional Application | Photograph of HAIXIN Closet Organizers and Storage | Figure 43 of the '546 Patent and '576 Patent |
|---|---|---|
|  |  |  |



FIG. 43

55.     On December 15, 2023,  the '576 Patent  (Application No. 18/542,495) was filed, introducing newly added matter concerning the storage boxes that is not adequately disclosed in any prior parent applications or patents.

56.     All of the drawings related to the storage boxes—except Figure 44—are substantially similar to those disclosed in HAIXIN's Chinese Patent No. CN214987334 ("the '334 Patent"), which was published on December 3, 2021. For example, Figure 42A of the '576 Patent is almost identical to Figure 5 of the '334 Patent.   *See*  Exhibit 7, Fig. 42A and the '334 patent ( available at https://patents.google.com/patent/CN214987334U/en?oq=CN214987334,         last visited Jan. 13, 2025).

| Figure 42A of the '576 Patent | Figure 5 of the '334 Patent |
| --- | --- |
|  |  |



FIG. 42A

57.    As can be seen in the above images, the storage box drawings in the '576 Patent were highly likely misappropriated from HAIXIN's '334 Patent. The striking similarity in detail confirms that dbest intentionally and willfully reproduced these drawings.

## **COUNT I**

## **Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,275,446**

58.    Xianghuo repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

59.    Xianghuo has not infringed and does not infringe any valid and enforceable claim of the '446 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use,

1  importation into the United States, sale, and/or offer for sale of Xianghuo's Non-

2  Infringing Products.

3        60.    The Non-Infringing Products do not infringe the currently asserted

4  claim of the '446 Patent at least because they do not include "a first fastener

5  configured to *selectively secure* the first panel and the second panel in the open

6  condition."

7

8

9

10

11

12

13

14

15

16

17

18

19

20

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

35

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737





| Picture from dbest Quik Cart (ASIN B0CFDCLJ3G) demonstrating that the user can selectively secure or unsecure the first panel and the second panel | Picture of the Accused Product showing automatic magnetic engagement that does not allow the user to make a "selection." |
| --- | --- |

61.    Additionally, the Non-Infringing Products are not "carts" as claimed in the '446 patent. According to its plain and ordinary meaning, a "cart" refers to a small vehicle used to carry or transport items. The Non-Infringing Products, some of

which have no rolling components, are not used for transportation and serve solely as storage containers. No reasonable person would consider them to be a transportation tool.

62.    Certain Xianghuo storage boxes, such as ASIN B0CHRP96MS, are however configured to install rolling components for the limited purpose of facilitating the movement of storage bins indoors. However, these products cannot be considered "carts," as they lack the structural features and functional characteristics necessary to qualify as carts.

63.    An actual and justiciable case or controversy therefore exists between Xianghuo and dbest regarding whether the Non-Infringing Products have infringed the claims of the '446 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of the Non-Infringing Products does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '446 Patent. Xianghuo is entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '446 Patent.

## **COUNT II**

## **Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,304,546**

64.    Xianghuo repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

65.    Xianghuo has not infringed and does not infringe any valid and enforceable claim of the '546 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Xianghuo's Non-Infringing Products.

66.    The Non-Infringing Products do not infringe the currently asserted claim of the '546 Patent at least because they do not include "a fastener configured to selectively secure the first panel and the second panel in a substantially coplanar alignment."

67.    Additionally, the Non-Infringing Products are not "carts" as claimed in the '546 patent. According to its plain and ordinary meaning, a "cart" refers to a small vehicle used to carry or transport items. The Non-Infringing Products, some of which have no rolling components, are not used for transportation and serve solely as stationary storage containers. No reasonable consumer would consider them to be a transportation tool.

68.    An actual and justiciable case or controversy therefore exists between Xianghuo and dbest regarding whether the Non-Infringing Products have infringed the claims of the '546 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of the Non-Infringing Products does not infringe, directly or indirectly, literally or under the

doctrine of equivalents, any valid and enforceable claim of the '546 Patent. Xianghuo is entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '546 Patent.

## COUNT III

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 12,275,446

69.    Xianghuo restates and incorporates by reference the allegations in Paragraphs 1 through 44 of this Complaint.

70.    Dbest misappropriated designs from prior art and obtained patents on subject matter that had long been publicly available, then used those patents to file baseless infringement complaints against Xianghuo on Amazon. This conduct reflects bad faith and constitutes an egregious abuse of Amazon's patent complaint system.

71. An actual case or controversy exists between Xianghuo and dbest as to whether U.S. Patent No. 12,275,446 (the "'446 Patent") is valid.

72.    A judicial declaration is necessary and appropriate so that Xianghuo may ascertain its rights with respect to the '446 Patent.

73.    The '446 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 100 et seq., including but not limited to 35 U.S.C. §§ 102 and 103.

**COUNT IV**

**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 12,304,546**

74.    Xianghuo restates and incorporates by reference the allegations in Paragraphs 1 through 48 of this Complaint.

75.    An actual case or controversy exists between Xianghuo and dbest as to whether U.S. Patent No. 12,304,546 (the "'546 Patent") is valid.

76.    A judicial declaration is necessary and appropriate so that Xianghuo may ascertain its rights with respect to the '546 Patent.

77.    The '546 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 100 et seq., including but not limited to 35 U.S.C. §§ 102 and 103.

**COUNT V**

**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NO. 12,304,546**

78.    Xianghuo repeats and realleges each of the preceding paragraphs as if they are restated here and incorporate them by reference.

79.    Dbest knew that the HAIXIN's '334 Patent was a material prior art and made a deliberate decision to withhold it from the USPTO.

80.    HAIXIN's '334 Patent is but-for material because the USPTO would

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

40

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1 not have allowed at least Claim 11 of the '576 Patent had it been aware of this

2 undisclosed reference.

3     81.    Dbest acted with specific intent to deceive the USPTO during

4 prosecution of the '576 Patent, which therefore constitutes inequitable conduct.

5     82.    The '546 Patent is a continuation of the '576 Patent.

6 <div align="center">**COUNT VI**</div>

7 <div align="center">**State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200**</div>

8     83.    Xianghuo repeats and realleges each of the preceding paragraphs as if

9 they were restated here and incorporate them by reference.

10     84.    Dbest's acts, as set forth above, constitute unlawful, unfair, and/or

11 fraudulent business practices as defined under California Business and Professions

12 Code § 17200, et seq.

13     85.    Dbest has acted unlawfully and unfairly by submitting baseless

14 complaints to Amazon that resulted in the wrongful removal of Xianghuo's Non-

15 Infringing Products from Amazon.com.

16     86.    By abusing Amazon's intellectual property enforcement procedures,

17 dbest caused significant disruption to Xianghuo's business operations, including the

18 removal of the Non-Infringing Products that do not infringe any valid intellectual

19 property rights.

20     87.    As a direct and proximate result of dbest's unfair competition,

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

41

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  Xianghuo has been, and continues to be, materially harmed in an amount to be

2  proven at trial.

3  <center>**COUNT VII**</center>

4  <center>**Tortious Interference**</center>

5      88.     Xianghuo repeats and realleges each of the preceding paragraphs as if

6  they were restated here and incorporate them by reference.

7      89.     Xianghuo entered into the Amazon Services Business Solutions

8  Agreement, along with other agreements with Amazon, and conduct business

9  through storefronts on Amazon.com.

10      90.     Accordingly, Xianghuo enjoyed economic relationships with Amazon

11  and its existing customers, with a probability of future economic benefit had the

12  Non-Infringing Products not been removed from the Amazon marketplace.

13      91.     Dbest knowingly and intentionally interfered with Xianghuo's valid

14  and existing business relationships and expectancy of sales of its products, including

15  the Non-Infringing Products, via Amazon.com for an improper purpose and by

16  improper means, causing Amazon to remove the ASINs for the Non-Infringing

17  Products.

18      92.   As a direct and proximate result of dbest's tortious interference,

19  Xianghuo has suffered damages, including significant losses in sales of the Non-

20  Infringing Products and other products, resulting in lost revenue and profits directly

1  attributable to those lost sales.

2      93.    Dbest's actions have significantly harmed Xianghuo's business

3  operations by substantially reducing product rankings on Amazon, which directly

4  impacts Xianghuo's product reviews, ratings, and Amazon rankings, thereby

5  resulting in lower product visibility in consumer searches and diminishing market

6  presence.

7      94.    The reduced rankings and visibility have caused substantial losses in

8  sales and profits. Additionally, they have led to increased warehousing and

9  inventory holding costs due to reduced product turnover. These damages extend

10  beyond lost revenue, causing harm to Xianghuo's goodwill and brand reputation,

11  which are essential for maintaining competitive standing in the market. The exact

12  amount of these damages will be proven at trial.

13              **PRAYER FOR RELIEF**

14      WHEREFORE, Xianghuo prays for the following relief:

15      A.    A judgment declaring that the manufacture, use, offer for sale, sale,

16  and/or importation of Xianghuo's Non-Infringing Products have not infringed and

17  will not infringe, directly or indirectly, literally or under the doctrine of equivalents,

18  any valid claim of the '446 or '546 Patents;

19      B.    A judgment declaring that U.S. Patent Nos. 12,275,446 and 12,304,546

20  are invalid;

1    C.    A judgment declaring that U.S. Patent Nos. 12,275,446 and 12,304,546

2    are unenforceable;

3    D.    A permanent injunction enjoining dbest from asserting the ' 446

4    and '546 Patents against Xianghuo's Non-Infringing Products;

5    E.    Entry of judgment finding dbest liable for tortious interference with

6    Xianghuo's business relationships;

7    F.    Entry of judgment finding dbest liable for unfair competition under

8    California Business and Professions Code § 17200, et seq.;

9    G.    An award of compensatory damages sufficient to make Xianghuo

10   whole for the harm caused by dbest's conduct;

11   H.    An award of punitive damages in an amount to be determined at trial;

12   I.    An award of reasonable attorneys' fees, to the extent authorized by law;

13   J.    An award of Xianghuo's costs in this action;

14   K.    All such other and further relief as the Court may deem just and proper.

15

16                        **<u>DEMAND FOR JURY TRIAL</u>**

17          Pursuant to Federal Rules of Civil Procedure 38(b), Xianghuo demands a

18   trial by jury on all claims and issues so triable.

19

20   DATED: July 10, 2025                Respectfully submitted,

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

44

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**SHM LAW FIRM**

By: _Qianwu Yang_
_____

QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
AOYU YANG (Cal. Bar No. 360674)
yang.aoyu@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

_Attorneys for Defendant and Counterclaimant_
DONGGUAN XIANGHUO TRADING CO.,
LTD.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

45

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 10, 2025

*/s/ Yi Yi*

Yi Yi

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS

46

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737