UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:25-cv-04573-MWC-JC | Date: July 11, 2025 |
| Title | Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

Present: The Honorable: Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order DENYING Defendant/Counterclaimant's TRO application (Dkt. 17) and deeming as MOOT Defendant's request for remote appearance at the TRO hearing (Dkt. 18)**

Before the Court are two matters. First, Defendant and Counterclaimant Dongguan Xianghuo Trading Co., Ltd.'s ("Defendant") filed an application for temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue. Dkt. # 17 ("*App.*"). Second, Defendant filed a request for remote appearance at the TRO hearing. Dkt. # 18.

On May 21, 2025, Plaintiff Dbest Products, Inc. ("Plaintiff") filed a patent infringement action against Defendant. Dkt. # 1. On July 10, 2025, Defendant answered the complaint and asserted counterclaims. Dkt. # 16. On July 11, 2025, Defendant filed this application for a TRO. *App.* Defendant asserts that it is a leader in storage boxes on Amazon due to its high-quality products and competitive pricing. *Id.* 1:2–9. Defendant asserts that Plaintiff is a copycat that has engaged in a pattern of submitting bad-faith patent complaints to Amazon with reckless disregard for the facts. *Id.* Defendant alleges that Plaintiff's submission of bad-faith patent complaints to Amazon resulted in the delisting of Defendant's products. *Id.* 1:16–2:10. Defendant requests judicial relief, including a TRO that Plaintiff shall immediately withdraw its infringement complaints from Amazon relating to specific products and an order to show cause why a preliminary injunction should not issue. *Id.* 2:11–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-04573-MWC-JC                                                      Date: July 11, 2025

Title        Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

I.   Legal Standard

Ex parte applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995); *Court's Standing Order* ¶ 11 ("Ex parte applications are solely for extraordinary relief, are rarely granted, and should be used with discretion."). In order to justify ex parte relief, the moving party must establish: (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power*, 883 F. Supp. at 492. "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." *Id.* "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493.

A TRO is an extraordinary and temporary "fix" the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a TRO is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. The standard for a TRO is the same as the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Workers Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). "The movant must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *Id.*

II.   Discussion

Defendant's ex parte application—which set an expedited hearing next week— falls short of the standard necessary for this Court to issue an ex parte TRO. The Court finds that Defendant has failed to address the standard for bringing an ex parte application. *See generally App.* (providing no discussion of the ex parte standard); *see Mission Power*, 883 F. Supp. at 492 ("[An ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment."). Moreover, Defendant has not made the necessary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-04573-MWC-JC | Date: July 11, 2025 |
| Title | Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. |

showing of a need for emergency relief to justify an ex parte application, as opposed to a regularly noticed motion. *See O.L. v. City of El Monte*, No. 2:20-cv-00797-RGK-JDE, 2020 WL 2477686, at *2 (C.D. Cal. Mar. 2, 2020) ("The legal standard to obtain a TRO is extremely high, and the procedural requirements are likewise highly involved."); *Morton v. Twitter, Inc.*, No. CV 20-10434-GW-JEMx, 2021 WL 6618889, at *2 (C.D. Cal. Oct. 21, 2022) ("The Court finds that Plaintiff has failed to establish her justification for requiring emergency relief necessitating an ex parte request for a [TRO]. Plaintiff only states that her copyrighted photos were posted on Twitter with a link to a Russian pay site, and 'every moment that passes, there is a risk of a consumer being duped and believing Ms. Morton is soliciting money on Twitter' . . . . The Court disagrees and does not find sufficient evidence that Plaintiff would be irreparably prejudiced if the underlying motion was heard according to regularly noticed motion procedures."). Furthermore, Defendant fails to explain why it is without fault in creating the crisis that led to a need for emergency ex parte relief, rather than a regularly noticed motion. *See Patisso v. Epstein*, No. 2:25-cv-01666-MWC-KES, 2025 WL 707324, at *3 (C.D. Cal. Mar. 3, 2025) ("Plaintiff again fails to explain why he is 'without fault in creating the crisis' leading to this ex parte emergency request [for a TRO].").

For the reasons above, this application has not met the standards of the extraordinary relief and exceptional circumstances needed for an ex parte TRO application. *See O.L.*, 2020 WL 2477686, at *2 ("Rather than continually attempting to obtain temporary relief through the mechanism of a TRO, the Court recommends that Plaintiff instead bring a motion for a preliminary injunction, which the Court can calendar for a hearing at the next available opportunity.").

III.   Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's application (Dkt. # 17), and thereby deems as **MOOT** Defendant's request for a remote appearance at the TRO hearing (Dkt. # 18).

**IT IS SO ORDERED.**

| | : |
|---|---|
| **Initials of Preparer** | TJ |