UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-04573-MWC-JC    Date: July 17, 2025

Title  Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

Present: The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order DENYING Defendant/Counterclaimant's second TRO application (Dkt. 21)**

    Before the Court is a second ex parte application for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue filed by Defendant/Counterclaimant Dongguan Xianghuo Trading Co., Ltd. ("Defendant/Counterclaimant").  Dkt. # 21 ("*Second App.*").  Plaintiff Dbest Products, Inc. ("Plaintiff") opposed.  Dkt. # 22 ("*Opp.*").

    On May 21, 2025, Plaintiff filed a patent infringement action against Defendant/Counterclaimant.  Dkt. # 1 ("*Compl.*").  On July 10, 2025, Defendant/Counterclaimant answered the complaint and asserted counterclaims.  Dkt. # 16.  On July 11, 2025, Defendant/Counterclaimant filed an ex parte application for a TRO.  Dkt. # 17 ("*First App.*").  In this initial application, Defendant/Counterclaimant asserted that it is a leader in storage box sales on Amazon due to its high-quality products and competitive pricing.  *Id.* 1:2–9.  Defendant/Counterclaimant alleged that Plaintiff is a copycat that engages in a pattern of submitting bad-faith patent complaints to Amazon with reckless disregard for the facts.  *Id.*  Defendant/Counterclaimant alleged that Plaintiff's submission of bad-faith patent complaints to Amazon resulted in Amazon delisting Defendant/Counterclaimant's products.  *Id.* 1:16–2:10.  In its first TRO application, Defendant/Counterclaimant requested judicial relief, including a TRO that Plaintiff shall immediately withdraw its infringement complaints from Amazon relating to specific products and an order to show cause why a preliminary injunction should not issue.  *Id.* 2:11–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-04573-MWC-JC                                          Date: July 17, 2025

Title      Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

    The day it was filed, the Court denied Defendant/Counterclaimant's ex parte TRO application because Defendant/Counterclaimant failed to address the standard for ex parte applications, including why emergency relief was needed and why Defendant/Counterclaimant was not at fault for creating the need for emergency relief. Dkt. # 19. On July 15, 2025, Plaintiff filed this second ex parte application for a TRO and to show cause regarding preliminary injunction. *Second App.*

I.   Legal Standard

    Ex parte applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995); *Court's Standing Order* ¶ 11 ("Ex parte applications are solely for extraordinary relief, are rarely granted, and should be used with discretion."). In order to justify ex parte relief, the moving party must establish: (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power*, 883 F. Supp. at 492. "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." *Id.* "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493.

    The standard for a TRO is the same as the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Workers Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). "The movant must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *Id.*

II.   Discussion

    Unlike Defendant/Counterclaimant's first TRO application, Defendant/Counterclaimant's second application addresses the ex parte standard. Defendant/Counterclaimant asserts that emergency circumstances justify immediate relief because competitors have overrun Defendant/Counterclaimant's search rankings on Amazon and have jeopardized Defendant/Counterclaimant's "Best Seller" status,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-04573-MWC-JC | Date: July 17, 2025 |
| Title     Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

diminishing good will, visibility to customers, customer loyalty, and market share—including that Defendant/Counterclaimant was not able to participate in Amazon's July 11, 2025 Prime Day event.  *See Second App.* 3:1–7:15.  Defendant/Counterclaimant contends it is without fault in creating the crisis that now requires ex parte relief.  *Id.* 7:18.  Defendant/Counterclaimant notes that it "promptly initiated efforts to mitigate the harm" of Amazon's delisting, stating: "Since the delisting occurred without any prior notice on June 25, 2025, [Defendant/Counterclaimant] has acted promptly and diligently to mitigate the resulting harm.  It submitted internal appeals to Amazon, repeatedly requested that Dbest withdraw its baseless complaint, and commenced this litigation to seek declaratory relief . . . . [Defendant/Counterclaimant] has been working diligently to gather and analyze prior art references . . . to further demonstrate the invalidity of the asserted patents[.]" *Id.* 9:6–11.

However, Defendant/Counterclaimant has known of Amazon's delisting since at least June 25, 2025.  *See* Dkt. # 21-3 ("*Decl.*"), ¶¶ 3, 9 .  In fact, on June 26, 2025, Defendant/Counterclaimant filed a lawsuit in the Northern District of California based on the delisting.  *iBeauty Ltd. Co. v. Dbest Products, Inc.*, 5:25-cv-05344, Dkt. # 1 (N.D. Cal. June 26, 2025).  On July 8, 2025, Defendant/Counterclaimant voluntarily dismissed that lawsuit.  *Id.*, Dkt. # 6.  Moreover, on June 25, 2025, Amazon informed Defendant/Counterclaimant that to "reactivate" its product listing, Defendant/Counterclaimant would need a court order (unless Defendant/Counterclaimant reached an agreement directly with Plaintiff).  *Decl.*, ¶ 9, Ex. A.  Defendant/Counterclaimant provides no meaningful explanation for the weeks of delay in seeking a court order.

As to Defendant/Counterclaimant's conclusory language that it was "working diligently to gather" information about the invalidity of asserted patents, *see Second App.* 9:15–20, Plaintiff sued Defendant/Counterclaimant for infringement of those patents nearly two months ago, *Compl.*  As to Defendant's argument regarding Prime Day, it is not clear how Defendant/Counterclaimant expected to resolve this issue by the end of Prime Day (July 11, 2025), when it filed its original TRO on July 11, 2025, rendering the opposition due the following Monday (July 14, 2025) and therefore preventing the Court from ruling until several days after Prime Day.  As to Defendant/Counterclaimant's argument that it has expended time requesting Plaintiff to withdraw the Amazon complaint, Defendant/Counterclaimant does not provide a timeline of these communications or otherwise indicate that Plaintiff was stringing Defendant/Counterclaimant along leading to a delay in seeking relief with the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-04573-MWC-JC | Date: July 17, 2025 |
| Title | Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

Furthermore, Defendant/Counterclaimant's TRO frames Plaintiff as a repeat-copycat acting in bad faith—if true, it is not clear why Defendant would wait weeks for the allegedly bad actor to withdraw its Amazon complaint in good faith.

For the foregoing reasons, the Court finds that Defendant/Counterclaimant was at fault in creating the crisis it now cites as the grounds for requesting extraordinary ex parte relief. *See Mission Power*, 883 F. Supp. at 492 ("[An ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment."). Because Defendant cannot seek ex parte relief under the circumstances of this case, "[r]ather than continually attempting to obtain temporary relief through the mechanism of a TRO, the Court recommends that Plaintiff instead bring a motion for a preliminary injunction, which the Court can calendar for a hearing at the next available opportunity." *See O.L. v. City of El Monte*, No. 2:20-cv-00797-RGK-JDE, 2020 WL 2477686, at *2 (C.D. Cal. Mar. 2, 2020).

Accordingly, the Court **DENIES** Defendant/Counterclaimant's second ex parte TRO application.

**IT IS SO ORDERED.**

:

**Initials of Preparer**   TJ