UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-04573-MWC-JC                                    Date: July 25, 2025

Title   Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.


Present:  The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order DENYING Defendant/Counterclaimant's Ex Parte Application for Reconsideration (Dkt. 24)**

Before the Court is an ex parte application for reconsideration ("Application") filed by Defendant/Counterclaimant Dongguan Xianghuo Trading Co., Ltd. ("Defendant/Counterclaimant").  Dkt. # 24-1 ("*App.*").  Defendant/Counterclaimant asks the Court to reconsider its denial (*see* Dkt. # 23) of Defendant/Counterclaimant's second ex parte application for a temporary restraining order ("TRO") ("Second TRO Application") (Dkt. # 21).  *See App.*  Plaintiff dbest Products, Inc. ("Plaintiff") opposed.  Dkt. # 25.  The Court finds the matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78; L.R. 7- 15.  Having considered the papers, the Court **DENIES** Defendant/Counterclaimant's ex parte application.

I.     Background

The Court has summarized the allegations underlying this case in its orders denying Defendant/Counterclaimant's first and second applications for a TRO, so it repeats only those necessary for deciding the current application.  *See* Dkts. # 19, 23.  On July 15, 2025, Defendant/Counterclaimant filed the Second TRO Application seeking (1) Plaintiff to immediately retract its infringement complaints from Amazon relating to specific products; (2) Plaintiff to be enjoined from issuing takedown notices to Amazon as to specific products; and (3) an order to show cause why a preliminary injunction should not issue.  Dkt. # 21, 2–3.  On July 17, 2025, the Court issued an order denying Defendant/Counterclaimant's Second TRO Application on the basis that its request fell short of the standard necessary to issue a TRO.  Dkt. # 23, 2–4 (finding Defendant/Counterclaimant at fault for delay in seeking relief where it knew of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-04573-MWC-JC                                    Date: July 25, 2025

Title    Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

products' delisting since June 25, 2025).  On July 23, 2025, Defendant/Counterclaimant filed the instant ex parte application to reconsider the Court's order denying the Second TRO Application.  *See App.*

II.    Discussion

Ex parte applications are solely for extraordinary relief and are rarely granted.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995); *Court's Standing Order* ¶ 11 ("Ex parte applications are solely for extraordinary relief, are rarely granted, and should be used with discretion.").  In order to justify ex parte relief, the moving party must establish:  (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power*, 883 F. Supp. at 492.  "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial."  *Id.*  "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer.  It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation."  *Id.* at 493.

Here, Defendant/Counterclaimant has failed to address the standard for requesting ex parte relief entirely. *See generally App.* (providing no discussion of the ex parte standard); *see Mission Power*, 883 F. Supp. at 492 ("[An ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment.").  This procedural deficiency alone is grounds for denial.

Even if Defendant/Counterclaimant had applied *Mission Power*, it would still not be entitled to the relief it seeks.  For one, Defendant/Counterclaimant has made no showing that it would be "irreparably prejudiced" if its ex parte application for reconsideration were to be heard via noticed motion.  Defendant/Counterclaimant's latest justification for seeking emergency relief is that Amazon may destroy its inventory if the listings are not reinstated within 60 days.  *App.*, 8:1-5.  But Defendant/Counterclaimant does not establish that a regularly noticed motion for reconsideration would put its inventory in that 60-day window.  *See generally App.*  Moreover, Amazon's policy states inventory "will be *returned or* disposed of," so the prejudice to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04573-MWC-JC                          Date: July 25, 2025

Title     Dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

Defendant/Counterclaimant's position is not irreparable.  Dkt. 24-3, Ex. 2 (Decl. of Lijun
Zheng), ¶ 10, Ex. B.  Above all, there is no crisis here that is not of
Defendant/Counterclaimant's own making.  Defendant/Counterclaimant has not put forth
any facts suggesting Amazon's inventory policy is new or was unknown to
Defendant/Counterclaimant, such that it is not at fault for delay in seeking relief from the
policy's enforcement.

　　For the foregoing reasons, the Court **DENIES** Defendant/Counterclaimant's ex
parte application for reconsideration.

　　**IT IS SO ORDERED.**

|  |  |
|---|---|
|  | : |
| **Initials of Preparer** | TJ |