Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
Bruce Chapman (SBN 164258)
bruce@orbitip.com
**ORBIT IP, LLP**
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.: (310) 887-1333
Fax: (310) 887-1334

*Attorneys for Plaintiff*
DBEST PRODUCTS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DBEST PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DONGUAN XIANGHUO TRADING CO., LTD, a Chinese company,<br><br>Defendant, | Case No. 2:25-cv-04573-MWC-JC<br><br>**DECLARATION OF CRAIG JIMENEZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

**DECLARATION OF CRAIG JIMENEZ IN SUPPORT OF PLAINTIFF'S OPPOSITION**

I, Craig Jimenez, declare and state as follows.

1. I am the Mechanical Engineering and Manufacturing Group Leader at Global Prior Art, Inc. (GPA), which is a full-service patent research firm founded in 1982.

**Qualifications**

2. I have over 19 years of professional experience in patent searching at GPA, including invalidity, clearance, and landscape searches involving U.S. and foreign patent documents, including utility and design patents. I hold a Master of Science degree in Mechanical Engineering from the Massachusetts Institute of Technology, as well as a Bachelor of Science degree in Mechanical Engineering from Kansas State University. I have extensive familiarity with the China National Intellectual Property Administration ("CNIPA") Patent Search and Analysis System ("PSS") and other global patent search platforms.

3. My work has included numerous searches involving Chinese design patents, requiring me to understand their publication processes, indexing systems, language limitations, and accessibility through various search tools and databases.

4. GPA is being compensated at an hourly rate of $400 for my time spent on this matter. Neither GPA's fees nor my compensation are contingent upon the outcome of this matter.

**Materials Reviewed**

5. I have reviewed the Chinese design patent documents identified by defendant Donguan Xianghuo Trading Co., Ltd. ("Xianghuo") in this matter, namely Chinese Design Patent Nos. CN303947734S, CN304632396S, and CN305015819S.

6. I have reviewed historical information and documentation regarding the public search interfaces and indexing practices of the China National Intellectual Property Administration (CNIPA) website as they existed prior to January 6, 2020. The CNIPA website is the primary and official source of information on Chinese registered design patents.

-1-
**DECLARATION OF CRAIG JIMENEZ IN SUPPORT OF PLAINTIFF'S OPPOSITION**

7. I have also reviewed relevant U.S. Patent and Trademark Office guidance on printed publications and "secret patents."

**Legal Standard**

8. I understand that a foreign patent is not available as a prior art reference unless it is sufficiently accessible to constitute a printed publication.

9. I understand that under U.S. patent law, a reference qualifies as a "printed publication" only if it was publicly accessible before the relevant date, meaning it could have been located by a person of ordinary skill in the art ("POSITA") through the exercise of reasonable diligence.

10. I understand that public accessibility requires more than technical availability; the reference must be meaningfully discoverable. I understand that even if a document is available on a website or in a public database, it is not publicly accessible if it is not indexed or searchable in a way that would allow an interested and reasonably diligent POSITA to locate it.

11. I understand that in determining whether a reference was publicly accessible, it is relevant to consider:

- Whether the reference was disseminated to the public;
- Whether it was indexed or searchable in a meaningful way;
- Whether the search tools in place were reliable and functional;
- The nature of the search interface, including whether results could only be located by browsing long lists organized by limited fields such as author or date;
- Whether the information needed to locate the document was reasonably known to the POSITA at the time; and
- Whether keyword searching was possible and effective.

12. I understand that if a POSITA could only locate a reference by sifting through large numbers of unrelated entries, or by using unreliable or non-functional search tools, then the reference is not considered publicly accessible.

-2-
**DECLARATION OF CRAIG JIMENEZ IN SUPPORT OF PLAINTIFF'S OPPOSITION**

13. I understand that the party relying on the reference has the burden of establishing that it was publicly accessible before the critical date.

**Opinion**

14. In my professional opinion, the Chinese design patents identified by Xianghuo were not publicly accessible to a POSITA before January 6, 2020.

15. While these references may have been present in CNIPA's systems, their discoverability by a POSITA before January 6, 2020, was practically impossible because:

- Minimal searchable text: The design patents are primarily image-based and contain little textual content that could provide any meaningful way to locate them;
- Lack of English translations: The absence of English translations for the title, assignee and inventor information at the time of publication; and
- Limited indexing: CNIPA's indexing capabilities were keyed primarily to Chinese-language bibliographic fields, preventing effective retrieval through searches.

16. CNIPA's search interface before 2020 did not meaningfully support discovery of unknown references. The interface only allowed Chinese-language searching and locating a document typically required:

- The exact publication number;
- The applicant's name in Chinese;
- Relevant Chinese-language keywords; or
- Knowledge of the relevant classifications and sifting through large numbers of entries.

17. Without this specific information, a POSITA using customary search methods would not have retrieved the documents at issue.

18. The situation is comparable to an online repository where a POSITA could only find a document by browsing through large lists indexed by non-intuitive

-3-
**DECLARATION OF CRAIG JIMENEZ IN SUPPORT OF PLAINTIFF'S OPPOSITION**

fields or by using an advanced search that does not reliably return results. Under such circumstances, the document is not publicly accessible, even though it is technically posted online.

19. For Chinese design patents, the accessibility problem is even more acute. These documents are largely image-based with minimal text. As a result, there is no meaningful keyword search path. A POSITA seeking prior art would have had no way to identify these documents through customary search methods unless they already possessed the specific filing details. In practical terms, discovery of these references would have required preexisting knowledge, not reasonable diligence.

20. Indeed, aside from sparse bibliographic data, the textual content of the Chinese design patents at issue is too generic to provide any searchable description of distinctive features. For example, CN303947734S is described merely as a "Document cart" (Dkt. 17-3 at 4), CN304632396S is described merely as a "Folding pull-rod storage box" (Dkt. 17-5 at 3), and CN305015819S is described merely as a "Folding shopping box" (Dkt. 17-7 at 4). These vague labels do not identify or describe the particular ornamental features claimed in the designs, nor do they provide sufficient textual information that would allow a POSITA to locate the design patents through keyword searching. If a POSITA were to use the generic terms "cart OR box" ("车 OR 箱" if using the terms found in the titles of the design patents) as a keyword input for Chinese designs published prior to January 6, 2020, the number of hits returned would be in excess of 400,000. Conducting a review of this number of documents obviously falls well outside the realm of reasonable diligence.

21. If a POSITA were to conduct a classification-based search (e.g., using relevant Locarno classes), the resulting number of hits would also be exceedingly large and therefore unreasonable to review manually. The Locarno Classification is an international classification system for industrial designs established under the Locarno Agreement (1968) and administered by the World Intellectual Property Organization (WIPO). Similar to the U.S. Patent Classification System for Designs,

-4-

it provides a standardized way to categorize products that are the subject of design protection. A search of the relevant Locarno class 03-01 (Trunks, suitcases, briefcases, handbags, keyholders, cases specially designed for their contents, wallets and similar articles) for Chinese design documents published prior to January 6, 2020, results in over 110,000 hits.

22. Even further, if a POSITA were to combine the classification-based search of Locarno class 03-01 with the keyword search of the generic terms "cart OR box" ("车 OR 箱" if using the terms found in the titles of the design patents), he or she would still be met with roughly 20,000 documents to review. This number of documents still constitutes an unreasonable amount of material for a POSITA to review.

23. Regarding the Amazon references identified by Xianghuo, an Amazon seller can modify a product page at any time. As a result, an Amazon product page can change significantly over time as different sellers update or even completely repurpose their listings. Sellers may alter product titles, descriptions, model numbers, images, and features to reflect new or entirely different products, all while keeping the same page URL. Consequently, a product page that once displayed a specific product may later display an entirely unrelated product, which can be misleading when reading customer reviews. Therefore, the images, description and reviews in these listings are unreliable as sources of prior art. As a professional searcher, I would never present current Amazon product pages such as these as a source of reliable prior art to a client.

24. Academic research confirms this dynamic nature of Amazon product listings. For example, a published study of Amazon's "review hijacking" practices explains how sellers can hijack existing product pages and replace their details—title, description, and images—with those of a different product, while retaining the earlier reviews. This shows that Amazon product pages are unstable over time and therefore not trustworthy as prior art.

-5-
**DECLARATION OF CRAIG JIMENEZ IN SUPPORT OF PLAINTIFF'S OPPOSITION**

25. Attached hereto as Exhibit A is a true and correct copy of the article entitled *Identifying Hijacked Reviews*, arXiv preprint (2021), available at https://arxiv.org/pdf/2107.05385.

**Conclusion**

26. Based on my experience, my review of the references at issue, and my knowledge of CNIPA's systems as they existed prior to January 6, 2020, I conclude that the Chinese design patents identified by Xianghuo were not publicly accessible to a POSITA in the United States before that date.

27. It is my opinion that these references do not qualify as printed publications under U.S. patent law because they were effectively undiscoverable without preexisting knowledge of their Chinese design patent number. In practical terms, no reasonable diligence would have led to the discovery of these references.

28. I also conclude that the Amazon product listings identified by Xianghuo are not reliable sources of prior art. Amazon product pages can be—and often are—modified over time by sellers, including changes to product titles, descriptions, images, and even the underlying product itself. As a result, a single URL may display entirely different products across time, while still retaining prior reviews. Because of this instability and the risk of misrepresentation, even professional searchers do not treat Amazon product pages as reliable prior art references.

29. For these reasons, it is my opinion that neither the Chinese designs nor the Amazon listings cited by Xianghuo meet the standards of public accessibility or reliability required for them to be considered printed publications.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: August 22, 2025

_____
Craig Jimenez

---

-7-
**DECLARATION OF CRAIG JIMENEZ IN SUPPORT OF PLAINTIFF'S OPPOSITION**