UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-04573-MWC-JC                                           Date: September 15, 2025

Title    dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

Present: The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) Order DENYING Xianghuo's motion for preliminary injunction (Dkt. 27); and GRANTING dbest's request to be deemed prevailing party of its motion to strike under CCP § 425.16, DENYING dbest's request for sanctions, and DENYING as MOOT dbest's motion to strike in all other respects (Dkt. 28).**

     Before the Court are two motions.  First is a motion for preliminary injunction ("Motion") brought by Defendant and Counterclaimant Dongguan Xianghuo Trading Co, Ltd. ("Xianghuo").  Dkt. # 27-1 ("*MPI*").  Xianghuo requests a preliminary injunction ordering Plaintiff and Counter-defendant DBEST Products, Inc. ("dbest") to withdraw patent infringement complaints made to non-party Amazon.com, Inc. ("Amazon") relating to Xianghuo's products, and to enjoin dbest from issuing further takedown notices concerning Xianghuo's products.  Dkt. # 27, 2–3.  dbest opposed, Dkt. # 40 ("*MPI Opp.*"), and Xianghuo replied, Dkt. # 42 ("*MPI Reply*").  dbest subsequently filed an ex parte application seeking an order striking new evidence and arguments that Xianghuo had purportedly raised for the first time on reply, or permitting dbest to file a sur-reply.  Dkt. # 47.  Xianghuo opposed, Dkt. # 48, and dbest filed a response, Dkt. # 50.  Rather than permit another round of briefing, the Court ordered that new arguments and facts raised for the first time in reply will be disregarded.  Dkt. # 53.[1]

---

[1] *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-04573-MWC-JC                                                        Date: September 15, 2025

Title   dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

    Second is dbest's motion to strike and/or dismiss Xianghuo's state law counterclaims for unfair competition and tortious interference pursuant to California Code of Civil Procedure § ("Section") 425.16, California's anti-SLAPP statute, and Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Dkt. # 28 ("*MTS*").  dbest also moved for sanctions for failure to follow local rules.  *Id.* 1, n.1.  Xianghuo subsequently filed an amended counterclaim withdrawing the challenged state law claims.  Dkt # 39 ("*MTS Opp.*").  On reply, dbest asserted that it nonetheless remains statutorily entitled to attorney's fees and requested that the Court deem it the prevailing party.  Dkt. # 41 ("*MTS Reply*").

    On September 12, 2025, the Court heard argument on both motions.  Having read and considered the papers and heard oral argument, the Court **DENIES** Xianghuo's motion for preliminary injunction; **GRANTS** dbest's request to be deemed the "prevailing party" on its motion to strike and/or dismiss for purposes of moving for fees under Section 425.16(c); **DENIES** as **MOOT** dbest's motion to strike and/or dismiss in all other respects; and **DENIES** dbest's request for sanctions.

I.    Background

    A.    Factual Background

    Xianghuo is a Chinese company, with a principal place of business in Dongguan, Guangdong, China.  Dkt. # 38 (*"FACC"*) ¶ 4.  In December 2022, Xianghuo entered the U.S. market and began selling highly rated, highly reviewed storage boxes on Amazon.  *Id*. ¶¶ 5–6.

    dbest is a California corporation, with its principal place of business in Carson, California.  Dkt. # 1 ("*Compl.*") ¶ 2.  dbest sells a highly successful product line of premium portable carts on website platforms, including Amazon, among other channels.  *Id*. ¶ 7.

    dbest owns the two patents at issue in this case: (1) U.S. Patent No. 12,275,446 ("the '446 Patent"), issued April 15, 2025, entitled "High Load Capacity Collapsible Carts," and (2) U.S. Patent No. 12,304,546 ("the '546 Patent"), issued May 20, 2025, entitled "Collapsible Carts."  *Compl.* ¶¶ 8–9, Exs. A & B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title   dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

dbest identified numerous products sold by Xianghuo on Amazon that it believed infringe the '446 Patent and/or the '546 Patent and submitted patent infringement complaints to Amazon. *Compl.* ¶ 13; Dkt. # 27-2 ("*Zheng Decl.*") ¶ 9. On May 21, 2025, dbest filed this action for patent infringement against Xianghuo. *Compl.* On June 25, 2025, Xianghuo received notice from Amazon that numerous Xianghuo products (the "Accused Products") had been delisted following dbest's patent infringement complaints. *Zheng Decl.* ¶ 9.

B.   Procedural Background

In the Complaint, dbest identified 13 Accused Products. *Id.*, Ex. C. dbest also attached two "representative" claim charts "demonstrating how the Accused Product satisfies each limitation of at least one claim" of both asserted patents. *Id.*, Ex. D. On July 10, 2025, Xianghuo answered the complaint and asserted counterclaims for declaratory judgments concerning five patents, plus two state law claims for relief: unfair competition (Count VI) and tortious interference with contractual relationship (Count VII). Dkt. # 16. On July 11, 2025, Xianghuo filed an ex parte application for a temporary restraining order ("TRO"), seeking the Court order Plaintiff to withdraw its infringement complaints from Amazon and issue an order to show cause why a preliminary injunction should not issue. Dkt. # 17. The application was denied for failure to justify emergency relief. Dkt. # 19. Xianghuo filed a second ex parte application for a TRO and subsequent motion for reconsideration, but each was denied. *See* Dkts. # 21–26.

On July 29, 2025, Xianghuo filed the instant motion for preliminary injunction. *MPI.* On July 31, 2025, dbest filed the instant motion to strike and/or dismiss Xianghuo's state law counterclaims. *MTS.* On August 21, 2025, Xianghuo filed an amended counterclaim withdrawing its state law counterclaims. *FACC.*

The Court addresses the two motions in turn.

II.   Motion for Preliminary Injunction

A.   Legal Standard

To obtain a preliminary injunction, "the moving party must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-04573-MWC-JC                                             Date: September 15, 2025

Title      dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

preliminary relief; (3) the balance of equities tips in its favor; <u>and</u> (4) an injunction is in the public interest." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (emphasis added) (citing *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

      Injunctive relief can take two forms: prohibitory and mandatory. "A prohibitory injunction prohibits a party from taking action," while "[a] mandatory injunction orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009) (internal quotation marks omitted).  Parties seeking mandatory relief are required to show that the law and facts "*clearly favor*" their position, not merely that they are likely to succeed. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasis in original).  This is because "a mandatory injunction goes well beyond simply maintaining the status quo *pendente lite* and is particularly disfavored." *Id.* (brackets and quotation omitted).

      Finally, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  Therefore, the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings, and the Court is permitted to consider inadmissible evidence. *See, e.g.*, *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988).  "While district courts may consider inadmissible evidence in the context of a preliminary injunction, this does not mean that evidentiary issues have no relevance to this proceeding.  Such issues, however, properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of L.A.*, 119 F.Supp.3d 1177, 1185 (C.D. Cal. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-04573-MWC-JC                                              Date: September 15, 2025

Title     dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

III.   Discussion

   A.   Likelihood of Success on the Merits

         i.   *Xianghuo Must Show the Law and Facts Clearly Favor its Position*

At the outset, the Court must determine whether Xianghuo seeks a mandatory or a prohibitory injunction, since this decides the applicable standard for satisfying the likelihood of success on the merits requirement. *See Garcia*, 786 F.3d at 740.

Xianghuo seeks, in part, an injunction ordering dbest to withdraw its Amazon takedown notices relating to Xianghuo's products. *See* Dkt. # 27, 2–3. Because this request "goes beyond simply maintaining the status quo, *i.e.* the state of affairs at the time the complaint was filed," Xianghuo seeks a mandatory injunction. *See Mickelson v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2022 WL 3229341, at *7 (N.D. Cal. Aug. 10, 2022) (because golfer plaintiffs had been suspended from playing in defendant PGA Tour's events at time of complaint, TRO request enjoining PGA Tour from prohibiting plaintiffs' participation in upcoming playoffs was request for mandatory injunction) (quotations omitted). Accordingly, Xianghuo must show that the law and facts "clearly favor" its position, and not merely that it is likely to succeed. *Garcia*, 786 F.3d at 740 (emphasis in original).

In its Motion, Xianghuo makes two arguments that it is highly likely to succeed on the merits. First, the Accused Products are not infringing because (1) they are not "carts," as the asserted patents state in their preambles, and (2) they do not include a fastener that is "configured to selectively secure" two panels, as Claim 22 of the '446 Patent and Claim 9 of the '546 Patent describe in the claim body. *MPI* 7–12, *Reply* 4–8. Second, the asserted patents are invalid in light of numerous prior art references, including widely available commercial products sold on Amazon and three Chinese patent designs. *MPI* 12–16, *Reply* 8–11.

         ii.  *Noninfringement*

Determining whether an accused product infringes a patent claim is a two-step process. *Seachange Int'l, Inc. v. C-COR Inc.*, 413 F.3d 1361, 1377 (Fed. Cir. 2005). First, the court must construe the asserted claims. *Id*. Second, the court must compare the construed claims to the allegedly infringing device. *Id*. At this second step, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title   dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

compares the elements of the claim to the "accused device to determine, as a matter of fact, whether all of the claim limitations are present, either literally or by a substantial equivalent, in the accused device." *Rosen Ent. Sys., LP v. Eiger Vision*, 343 F. Supp. 2d 908, 914 (C.D. Cal. 2004). "Because of the nature of a preliminary injunction proceeding, claim construction at this stage is itself preliminary because of the incomplete record provided to a reviewing court." *Maxwell Techs., Inc. v. Nesscap, Inc.*, 508 F. Supp. 2d 837, 842 (S.D. Cal. 2007).

As a preliminary matter, Xianghuo addresses in its motion the two claims that dbest identified in the Complaint as "representative" and for which it included representative claim charts: Claim 22 of the '446 Patent and Claim 9 of the '546 Patent (the "Asserted Claims"). *See generally MPI*; *Compl.* Ex. D. After Xianghuo moved for preliminary injunction, dbest served its initial "Disclosure of Asserted Claims and Infringement Contentions" in a related case.[2] *Opp.* 5. The disclosure identified to Xianghuo 27 claims that dbest is asserting in that case, across the same two patents at issue here. *Id.* dbest thus contends that Xianghuo has failed to address all the asserted claims it will raise.

Similarly, dbest argues that Xianghuo addresses only one of the Accused Products in its motion (ASIN No. B0CHRP96MS). *Opp.* 5. In the Motion, Xianghuo created two "Exemplary Non-Infringement Claim Charts," comparing one Accused Product to the two Asserted Claims. *See MPI*, Exs. 5-1, 5-2. Yet, dbest accused in its Complaint "at least sixteen ASINs for five distinct product designs." *Opp.* 5, citing *Compl.*, Ex. C.

In response, Xianghuo argues that the newly asserted claims should be disregarded to avoid unfair prejudice. *Reply* 4. Moreover, Xianghuo asserts the 17 Accused Products are "substantially identical," and that its arguments apply to all 27 asserted claims. *Id.* 1.

For the purposes of deciding this motion, to avoid unfair prejudice to Xianghuo, the Court takes Xianghuo's position that its analysis of the representative claims and an exemplary Accused Product applies equally to the remaining asserted claims and Accused Products. Even so, the Court finds Xianghuo has not shown that the law and facts clearly favor its positions on noninfringement.

---

[2] The related case is *iBeauty Limited Company et al. v. dbest products Inc.*, Case No. 2:24-cv-10694-MWC-JC (C.D. Cal.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title | dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

         *a.*      *"Carts"*

      Xianghuo argues that the Accused Products do not infringe either Asserted Claim because the preambles of both describe dbest's inventions as a "collapsible cart configured to transition from a closed condition . . . to an open condition." *MPI* 8–9. Xianghuo argues the term "cart" limits the invention, because it gives "life, meaning, and vitality" to the claim language. *Id.*, quoting *Alnylam Pharms., Inc. v. Pfizer Inc.*, No. 22-336-CFC, 2024 WL 3742313 (D. Del. Aug. 9, 2024). Xianghuo applies the plain and ordinary dictionary definition of "cart" to mean "a small wheeled vehicle," and "vehicle," in turn, to mean "a means of carrying or transporting something." *MPI* 9. Since Xianghuo makes storage boxes that are used primarily indoors and not for transportation, Xianghuo argues its products cannot reasonably be considered "carts." *Id.*

      dbest, in turn, argues preamble language is not limiting where a patentee "defines a structurally complete invention in the claim body and uses the preamble only to state a purpose or intended use for the invention." *MPI Opp.* 7 (quoting *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc*., 289 F.3d 801, 808 (Fed. Cir. 2002)). "[P]reambles describing the use of an invention generally do not limit the claims because the patentability of apparatus or composition claims depends on the claimed structure, not on the use or purpose of that structure." *Catalina Mktg.*, 289 F.3d at 808. dbest argues the term "cart" merely describes an intended use for a self-contained structure described in the claim body: a frame that defines a compartment, the walls of the compartment, and fasteners. *Reply* 8. dbest also notes that the specifications for the asserted patents state that the carts only "may" include wheels, so the exclusion of wheels on some of Xianghuo's products is not dispositive. *Id*. 9. Finally, even if the Court were to find the invention limited by the preamble term of "cart," the Accused Products *are* "configured to install wheels for the limited purpose of facilitating the movement of storage boxes indoors," so they satisfy Xianghuo's own configuration of a "cart." *Reply* 10; *see MPI* Ex. 5-1 n.1.

      Reviewing the Asserted Claims, the Court finds the structure described in the claim bodies of "a rigid frame forming a compartment," walls on the front, rear, sides and bottom, some of which are rotatably coupled to collapse and expand the compartment, and fasteners, is sufficiently self-contained and structurally complete; thus, the term "cart" refers to an intended use and does not give the description life and meaning. *See* Dkt. # 40-1 ("*Samuel Decl.*"), Exs. A ('446 Patent) col. 9, ln. 32 – col. 10, ln. 16; B ('546 Patent) col. 14, lns. 4-30. Even if "cart" was limiting, it is settled that a patentee can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title   dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

"choose to be his or her own lexicographer by clearly setting forth an explicit definition for a claim term that could differ in scope from that which would be afforded by its ordinary meaning." *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001). Here, dbest has set forth an explicit definition for "cart" as the structure described in the claim bodies. The Summary of the Invention for the asserted patents also provides, "[i]n some embodiments, the collapsible cart *may* include a wheel assembly coupled to the bottom wall of the cart." *Samuel Decl.*, Ex. B, col. 3, lns. 45–46; Ex. A, col. 2, lns. 44–45 (emphasis added). The patentee's definition is at odds with Xianghuo's proposed dictionary definition, which necessarily includes wheels. Since the patentee's definition controls, the Court finds the dictionary or ordinary meaning of "cart" does not apply. *See Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361–62 (Fed. Cir. 2002) ("grounding a decision on a preliminary injunction on a claim construction at odds with an unambiguous definition in the intrinsic evidence constitutes an abuse of discretion"). Accordingly, the fact that the Accused Products are not "small wheeled vehicles" used for transportation does not establish a high likelihood that the Court will find noninfringement.

### b.   *"Selective" Magnetic Fasteners*

Xianghuo's second basis for arguing that the Accused Products are highly unlikely to infringe on the asserted patents concerns a magnetic fastener that opens and shuts the front of its storage boxes. Xianghuo argues that the Accused Products do not include a fastener that is "configured to *selectively* secure" two panels, as Claim 22 of the '446 Patent and Claim 9 of the '546 Patent describe in the claim body. *MPI* 10 (emphasis added). Xianghuo notes on reply that every asserted claim of the '446 patent also imposes limitations that fasteners "selectively" secure, lock, or align. *Reply* 5. Xianghuo argues the term "selectively" requires the fastener provide the user with the ability to choose whether two panels are secured together. *MPI* 11–12. The Accused Products have magnetic fasteners that "hold the front wall cover against the frame when the two parts are brought into contact." *Id.* 11:18–20. Since they "automatically hold" the panels together, the user cannot choose whether the fastening occurs. *Id.* 12. dbest contends that "the user's deliberate action" of bringing the panels together or pulling them apart is a "selective" determination of whether the fastener engages. *Reply* 11.

The Court finds Xianghuo has not clearly shown a likelihood to succeed on this argument. While it is true that "[a] claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so," *Merck & Co. v. Teva Pharms.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title | dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

*USA, Inc.*, 395 F.3d 1364, 1372 (Fed. Cir. 2005), the Court disagrees that dbest's interpretation of "selectively" as referring to user choice nullifies the term. *See Reply* 7–8. Reviewing the Asserted Claims descriptions, the Court construes "selectively" to refer to a fastener that can either connect two panels when the user engages it, or disconnect the panels when the user disengages it. The Court finds a magnetic mechanism could meet this description.

To the extent "selectively" is ambiguous, courts properly deny preliminary injunctions where infringement analysis turns on unsettled claim construction issues. *Int'l Comm'n Materials, Inc. v. Ricoh Co.*, 108 F.3d 316, 318–19 (Fed. Cir. 1997) (affirming denial of preliminary injunction where "there are substantial open issues and questions that must be litigated" regarding claim construction and infringement).

      *iii.    Invalidity*

Xianghuo's second argument that it is highly likely to succeed on the merits is that numerous prior art references, including widely available products sold on Amazon, render the asserted patents invalid as anticipated under 35 U.S.C. § 102.

"[P]atent[s] enjoy[ ] the same presumption of validity during preliminary injunction proceedings as at other stages of litigation." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009). Because patents are presumed valid, the challenger must establish invalidity by clear and convincing evidence. *N. Am. Vaccine v. Am. Cyanamid Co.*, 7 F.3d 1571, 1579 (Fed. Cir. 1993). A patent is invalid for anticipation under 35 U.S.C. § 102 if a single prior art reference discloses each and every limitation of the claimed invention. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1306 (Fed. Cir. 2019). Additionally, to qualify as prior art under § 102(a)(1), a product embodying the asserted claims must have been "on sale" before the priority date. *Sanho Corp. v. Kaijet Tech. Int'l. Ltd*, 108 F.4th 1376, 1380 (Fed. Cir. 2024).

Here, the priority date for the asserted patents is January 6, 2020. *MPI* 13.[3] Xianghuo points to three Amazon listings that it asserts qualify as prior art. *Id.* 13–17.

---

[3] At the Motion hearing, Xianghuo argued that dbest's alleged priority date is incorrect. However, Xianghuo failed to raise this argument in its moving papers. *See generally Mot.* Thus, the Court considers the argument waived for the purposes of deciding this Motion. *See Recycle for Change v. City of Oakland*, 856 F.3d 666, 673 (9th Cir. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title   dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

One, the Olympia Tools Pack-N-Roll Portable Tool Carrier, was "publicly available as early as October 1, 2001." *Id.*  The second, the Felicon Selorss Foldable Utility Cart, was publicly available as early as 2019. *Id.* 14.  And the third, one of dbest's own products, is a "Quik Cart Sport Collapsible Rolling Crate" that was on sale no later than January 15, 2018. *Id.* 17.

In addition to the Amazon listings, Xianghuo identifies three Chinese design patents that it asserts were published prior to January 6, 2020. *See id.* 14–16, Ex. 4-1.

The Court finds Xianghuo has not established the facts and law on prior art clearly favor finding the patents invalid as anticipated.

First, the Court has reviewed the Amazon screenshots attached to the motion as Exhibits 4-1 and 4-2.  While evidence need not be admissible under the Federal Rules of Evidence, the Rules are still relevant as far as how the Court assigns weight and credibility.  Here, Xianghuo does not lay sufficient foundation for the trustworthiness of the Amazon screenshots.  They show product "launch dates" that indeed precede January 6, 2020.  However, Xianghuo has not established that the product being sold or advertised on the page now is the same as what was sold on the launch date, or when the products were reviewed.  dbest has put forth competing screenshots in its opposition that suggest the Olympia rolling crate featured a different product in 2018 than currently shown.  *See Opp.* 18, *Samuel Decl*. ¶¶ 26–27, Ex. J.  On reply, Xianghuo's manager agrees that reviews for Olympia's rolling cart can include different models.  Dkt. # 46 ("*Zheng Reply Decl.*") ¶ 8.  But Xianghuo does not address whether the page's launch date could refer to a different cart model as well.

As to the Chinese design patents, Xianghuo must prove, by clear and convincing evidence, that these materials were publicly accessible before January 6, 2020. *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578–79 (Fed. Cir. 1996).  Xianghuo attaches three Chinese design patents, each published prior to 2020, that disclose a design and structure that Xianghuo asserts anticipate the asserted patents. *See MPI* 14–16; Exs. 1, 1-1; 2, 2-1; 3. 3-1.  Rather than contest the substance of the patents, dbest argues that they do not qualify as prior art because they were (1) not publicly accessible under 35 U.S.C. § 102 due to the lack of meaningful searchability, and (2) relatedly, were "secret patents" within the meaning of Manual of Patent Examining Procedure ("M.P.E.P.") § 2126 ("secret patent" includes any patent or design that was insufficiently accessible to the public—i.e., not a "printed publication" within the meaning of the statute).  dbest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title  dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

presents an expert declaration from Mr. Craig Jimenez stating that the Chinese design patents proffered by Xianghuo in the Chinese patent database, the China National Intellectual Property Administration ("CNIPA"), are "primarily image-based," were poorly indexed and lacked English translations.  Decl. of Craig Jimenez (Dkt. # 40-13) ¶ 15.  Mr. Jimenez attests that finding the cited Chinese patents without preexisting knowledge of their patent numbers or applicants' names, at the relevant time period, would have been "practically impossible."  *Id.* ¶¶ 15–17.

In reply, Xianghuo argues that its own "operations manager was able to uncover the relevant prior art within hours using PatSnap, China's widely used patent search platform," and proffers a competing declaration to show that finding the relevant prior art is straightforward.  *Reply* 10; *see Zheng Reply Decl.* ¶¶ 3–7.  However, its declarant does not state whether the PatSnap search platform today is different than what was available prior to 2020.  *See id.*  Similarly, Xianghuo puts forth its own expert testimony from patent attorney Gokalp Bayramoglu.  Dkt. # 43.  Mr. Bayramoglu attests that he was able to find the Chinese patent designs "easily" on August 29, 2025, both by using their patent numbers and by using a patent search tool from Lexis Nexis.  *Id.* ¶¶ 7, 9.  Yet, Mr. Bayramoglu does not explain his conclusion that, because he was able to find the patents today, one could have done so on January 6, 2020.  *Id.* ¶ 10.

The Court finds dbest has put forth sufficient argument and evidence to challenge Xianghuo's contention that the Chinese design patents were not reasonably accessible as of the relevant priority date, within the meaning of MPEP § 2126.  Conversely, Xianghuo has not demonstrated a high likelihood that the facts and law clearly favor its position on invalidity.

Because the Court has found that Plaintiff has not met its burden of showing a high likelihood of success on the merits regarding infringement by the accused products, it need not address any other preliminary injunction factor.  *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994).  Nonetheless, to provide additional guidance to the parties, the Court considers the remaining factors.

      B.    <u>Irreparable Harm</u>

A plaintiff seeking a preliminary injunction "must make a clear showing that it is at risk of irreparable harm, which entails showing a likelihood of substantial and immediate irreparable injury."  *Apple Inc. v. Samsung Electronics Co., Ltd.*, 695 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title | dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

1370, 1374 (Fed. Cir. 2012). As a general rule, plaintiffs seeking injunctive relief must demonstrate that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). The movant must show more than the "possibility" of irreparable injury; he must demonstrate that irreparable injury is "likely" and "imminent" in the absence of preliminary relief. *Winter*, 555 U.S. at 22; *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Xianghuo asserts that it has already suffered and will continue to suffer irreparable harm if its top-selling products continue to be delisted. First, Xianghuo's business manager attests that the delisting directly threatens Xianghuo's commercial survival and imperils years of building its reputation and goodwill as to the Accused Products. *MPI* 18; *Zheng Decl*. ¶¶ 12–13. It threatens the algorithmic rankings of Xianghuo's storage boxes on Amazon, where the designations of "Amazon's Choice" and "No. 1 Best Seller" are highly valuable and difficult to restore. *Zheng Decl*. ¶¶ 4–7. Amazon is Xianghuo's exclusive sales channel, and the Accused Products account for approximately 89% of its monthly revenue and 95% of its profit. *Id*. ¶¶ 13–14. Thus, the cumulative impact may lead to a suspension of not only the Accused Products but Xianghuo's entire Amazon account and eventual bankruptcy. *Id*. ¶¶ 15–17. Further, an estimated $1 million in Xianghuo's inventory is at jeopardy if it cannot sell its products on Amazon. *Id*. ¶ 16.

dbest contends that Xianghuo cannot show irreparable harm because the heart of the alleged harm is economic loss. *See Opp*. 21. It is true that "[p]urely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015). The fact that Xianghuo could become bankrupt remains merely speculative. Additionally, the Federal Circuit has indicated that an alleged infringer "cannot justify denial of [a finding of infringement]" on grounds that the accused product is its primary product and injunction might put it out of business. *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). Finally, dbest attests that it can "arrange or storage" of Xianghuo's inventory for the course of the litigation. *Opp*. 22.

Xianghuo is correct that the losses alleged can constitute irreparable injury. "Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Celsis In Vitro, Inc. v. CellzDirect,* Inc., 664 F.3d 922, 930 (Fed. Cir. 2012). Regarding inventory-related costs, although they "would be compensable by money damages (e.g., potential shipping costs for the return of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title        dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

inventory, compensation for the potential destruction of inventory)," courts have found that a "product delisting, if left unchecked, will likely result in nonquantifiable damages relating to lost business opportunities on Amazon, . . . such as losing Plaintiff's previously held first-page status." *Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 879 (C.D. Cal. 2021).

On this preliminary record, particularly given the nature of e-commerce and the difficulty of restoring lost market position, the factor of irreparable harm tips in Xianghuo's favor.

C. <u>Balance of Hardships</u>

In contrast to the irreparable harm Xianghuo would face without a preliminary injunction, Xianghuo argues that dbest would not experience any harm if dbest were ordered to withdraw its takedown notices and enjoined from issuing further takedown notices concerning Xianghuo products. *MPI* 22–23. It notes dbest could continue pursuing its patent claims in court, and, in the unlikely event dbest prevailed on the merits, dbest can recover monetary relief for lost profits or a reasonable royalty under 35 U.S.C. § 284. *MPI* 23.

dbest argues that the balance of hardships strongly favors not granting the preliminary injunction, because dbest has the legal right to notify Amazon of its good faith belief that certain listings infringe its patents. *Opp*. 22. It notes Xianghuo assumed the risks of Amazon's enforcement policies when it chose to sell exclusively on Amazon. *Id*. And the prompt nature of Amazon's takedown process is helpful to dbest, because foreign infringers can more easily abscond or become judgment proof as litigation progresses. *Opp*. 23.

The Federal Circuit has acknowledged that "[t]he hardship on a preliminarily enjoined manufacturer who must withdraw its product from the market before trial can be devastating." *Ill. Tool Works, Inc. v. Grip-Pak, Inc*., 906 F.2d 679, 683 (Fed. Cir. 1990). On the other hand, "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Windsurfing Int'l Inc. v. AMF, Inc*., 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). "Ultimately, an appropriate balance of potential hardships must consider the patentee's showing on likelihood of success and irreparable harm." *Avocent Huntsville,*

Case 2:25-cv-04573-MWC-JC   Document 56   Filed 09/15/25   Page 14 of 18   Page ID #:2535

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title | dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

*LLC v. ZPE Sys., Inc.*, No. 3:17-CV-04319-WHO, 2018 WL 1411100, at *17 (N.D. Cal. Mar. 21, 2018).

Because the Court found for dbest in analyzing whether the law and facts clearly favor Xianghuo's position, and for Xianghuo in considering irreparable harm, here it finds the balance of hardships is neutral.

D. Public Interest

"Typically, in a patent infringement case, although there exists a public interest in protecting rights secured by valid patents, the focus of the district court's public interest analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1458 (Fed. Cir. 1988).

Here, Xianghuo maintains that, given the ubiquity of Amazon shopping to the general public, the public has an interest in a full and fair online marketplace. *MPI* 25. It also argues that "[t]he public interest favors preventing a competitor from using a seemingly innocuous intellectual property rights-protection notice to effectively shut down a competitor's business." *See id.* (quoting *Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 880 (C.D. Cal. 2021)); *see Reply* 12. Finally, it notes having more low-cost, high quality storage options is beneficial for consumers. *MPI* 23.

At the same time, dbest is correct that "[a]bsent any other relevant concerns, the public is best served by enforcing patents that are likely valid and infringed." *Opp.* 23 (quoting *Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006)). dbest has a legitimate interest in enforcing its patent rights, and the public interest supports the protection of valid intellectual property. While Xianghuo raises valid concerns about the misuse of takedown procedures, the record does not establish that dbest acted in bad faith or outside the bounds of its legal rights. Thus, the Court finds this factor tips in dbest's favor.

Xianghuo has failed to make a clear showing that it the law and facts clearly favor its position. And while Xianghuo did show irreparable harm, it did not sufficiently raise "serious questions going to the merits" that could permit the Court to find an injunction warranted, either. *See All. for the Wild Rockies*, 632 F.3d at 1132.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title    dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

For the foregoing reasons, Xianghuo's motion for preliminary injunction is **DENIED**.

IV.    <u>Motion to Strike and/or Dismiss</u>

     A.    <u>Background</u>

In its motion to strike, dbest moved to strike and/or dismiss Xianghuo's state law counterclaims pursuant to California's anti-SLAPP statute (CCP § 425.16) and Rule 12(b)(6). *See generally MTS*. dbest argued that Amazon's takedown notices are protected petitioning activity under anti-SLAPP, *id.* 5; Xianghuo's claims are preempted by federal patent law, *id.* 9; dbest's conduct is shielded by California's litigation privilege and the Noerr-Pennington doctrine, *id.* 15; and Xianghuo's allegations generally failed to state a claim, *id.* 19. dbest also sought attorney's fees and sanctions, first under the mandatory fee-shifting provision of the anti-SLAPP statute, *see* CCP § 425.16(c)(1), and second, under Local Rule 83-7 for Xianghuo's refusal to attend a scheduled video conference pursuant to Local Rule 7-3. *Id.* 21, 1 n.1

Xianghuo subsequently filed an amended counterclaim removing the challenged state law claims. *See FACC*. In its opposition, Xianghuo relied on the amendment and stated that the motion must be denied as moot. *MTS Opp.* 1. Xianghuo did not address the merits of any of dbest's arguments. *See generally id.*

On reply, dbest argued Xianghuo's withdrawal of the challenged claims does not moot the anti-SLAPP motion for fee purposes. *MTS Reply* 1. dbest cites a plethora of case law supporting its argument that it was the prevailing party on the anti-SLAPP motion despite Xianghuo abandoning its claims. *Id.* 2–4. dbest now asks the Court for a ruling on whether it is the prevailing party so that it may subsequently file a motion for fees. *Id.* 8.

     B.    <u>Request for Sanctions (L.R. 83-7)</u>

Local Rule 83-7 states:

> The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition

Case 2:25-cv-04573-MWC-JC   Document 56   Filed 09/15/25   Page 16 of 18   Page ID #:2537

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

L.R. 83-7.

The Court takes seriously the parties' requirement to meet and confer under Local Rule 7-3. However, the Court finds the circumstances described in dbest's motion to strike and supporting declaration—i.e., Xianghuo's failure to attend, and dismissive attitude towards, the parties' scheduled videoconference—do not rise to the level of bad faith, willful misconduct, or gross negligence to warrant sanctions at this time. *See MTS* 1, n.1; Dkt. # 28-1 (Decl. of Ehab Samuel) ¶¶ 2–4.

Accordingly, the Court **DENIES** dbest's request for sanctions.

C. Prevailing Party

   i. *Legal Standard*

Under Section 425.16(c)(1), "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. Proc. § 425.16(c)(1); *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001) ("[U]nder [Section] 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees").

"It is settled that a plaintiff may not avoid liability for attorney fees and costs by voluntarily dismissing a cause of action to which a SLAPP motion is directed." *Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.*, 122 Cal. App. 4th 1049, 1054–55 (2004). If that were possible, "SLAPP plaintiffs could achieve most of their objective with little risk—by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a special motion to strike, then dismissing the action without prejudice." *Moore v. Liu*, 69 Cal. App. 4th 745, 753 (1999), as modified (Feb. 5, 1999) ("*Liu*"). Thus, "where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c). In making that determination, the critical issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-04573-MWC-JC                                              Date: September 15, 2025

Title            dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.

is which party realized its objectives in the litigation." *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998). "[U]nder *Coltrain*, a plaintiff's voluntary dismissal gives rise to a presumption that the defendant is the prevailing party. The plaintiff can then seek to overcome the presumption by presenting evidence as to his reasons for dismissal." *Mireskandari v. Mail*, No. CV 12-02943 MMM (FFMx), 2014 WL 12561581, at *4–6 (C.D. Cal. Aug. 4, 2014).[4]

      *ii.*    *Discussion*

     Here, dbest met its litigation objectives in getting Xianghuo to withdraw its state law counterclaims. *See Coltrain*, 66 Cal. App. 4th at 107. Xianghuo has not suggested, much less shown, that it withdrew the challenged claims for any reason other than in direct response to dbest's anti-SLAPP motion. *See Plevin v. City & Cnty. of S.F.*, Case No. 11-cv-2359 MEJ, 2013 WL 2153660, at *7 (N.D. Cal. May 16, 2013) ("Whatever Plaintiffs' strategy or belief as to the merits of the arguments Defendants raised in their anti-SLAPP motion, Plaintiffs chose to dismiss their state law claims in response…."). The Court finds dbest has prevailed in its special motion to strike.

---

[4] In *Liu*, the California Court of Appeals for the Second Appellate District held that "the trial court's adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs." 69 Cal. App. 4th at 752. However, "[f]ederal courts have generally followed *Coltrain*" instead of *Liu* and determined which of the parties "achieved a practical benefit." *See Mireskandari v. Mail*, No. CV 12-02943 MMM (FFMx), 2014 WL 12561581, at *4–6 (C.D. Cal. Aug. 4, 2014).

To the extent *Liu* requires federal courts adjudicate the merits of an anti-SLAPP motion before declaring a prevailing party, Xianghuo did not substantively address any of the merits of dbest's special motion to strike, either in its opposition or at oral argument. *See MTS Opp*. Failure to adequately brief arguments waives them, so the Court finds dbest would have prevailed on the merits of the anti-SLAPP motion as well. *See Aramark Facility Servs. v. Serv. Emp. Int'l Union, Local 1877*, 530 F.3d 817, 824 n.2 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:25-cv-04573-MWC-JC | Date: September 15, 2025 |
| Title | dbest Products, Inc. v. Dongguan Xianghuo Trading Co., Ltd. | |

Accordingly, the Court **GRANTS** dbest's request that it be found the prevailing party on its anti-SLAPP motion for the purposes of bringing a motion for fees. As the prevailing party, dbest may timely file such a motion pursuant to the authority of Section 425.16(c).

The Court **DENIES as MOOT** dbest's motion to strike and/or dismiss in all remaining respects. *See Plevin v. City & Cnty. of San Francisco*, No. C 11-02359 CW, 2011 WL 3240536 (N.D. Cal. July 29, 2011) (denying as moot anti-SLAPP motion to strike in light of Plaintiffs' dismissal of state law claims).

V.  Conclusion

For the foregoing reasons, the Court **DENIES** Xianghuo's motion for preliminary injunction, **GRANTS** dbest's request to deem it the **PREVAILING PARTY** on its motion to strike and/or dismiss for purposes of moving for attorneys' fees under Section 425.16, **DENIES** dbest's request for sanctions, and **DENIES as MOOT** dbest's motion to strike and/or dismiss in all other respects.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |